After a jury trial, the defendant, Sean Welenc, was found guilty of operating a motor vehicle while under the influence of liquor, second offense, G. L. c. 90, § 24(1)(a )(1), and found responsible for a marked lanes violation, G. L. c. 89, § 4A.[2] The defendant argues on appeal that there was error that created a substantial risk of a miscarriage of justice where the trial judge did not, sua sponte, instruct the jury that the testimony of a police officer was lay and not expert opinion. We affirm.
At trial, the Commonwealth's sole eyewitness was a police officer who testified to his observations of the defendant before, during, and after the officer conducted field sobriety tests. At the close of evidence, the trial judge instructed the jury in accordance with Instruction 5.310 of the Criminal Model Jury Instructions for Use in the District Court (2013). This instruction informed the jury that it was for them "to determine whether to rely on" the evidence of the defendant's performance during the field sobriety tests. Counsel for the defense did not object to the jury instruction. The defendant now argues on appeal that the judge should have sua sponte cautioned the jury that the officer's testimony was lay opinion, and that the judge's failure to do so constituted an error.
In the absence of a valid objection, the sole question before us is whether the instruction as given was an error that created a substantial risk of a miscarriage of justice. See Commonwealth v. Wood, 380 Mass. 545, 547 (1980). In accordance with the District Court model jury instructions, the judge clearly instructed the jury that it was in their province alone to determine whether the defendant was impaired by alcohol and whether to place any weight on the testimony concerning field sobriety tests.[3] We discern no error. The officer's testimony concerned his observations of the defendant that informed the officer's opinion, such as the defendant not following instructions, lifting his arms for balance during the tests, and stumbling. Independent of the tests, the officer also testified that, among other things, the defendant's vehicle twice crossed substantially over the fog line, the defendant had bloodshot and glassy eyes, the defendant had an odor of an alcoholic beverage, and, when asked for his license and registration, the defendant initially provided the officer with a credit card.
The defendant's reliance on Commonwealth v. Gerhardt, 477 Mass. 775 (2017), is misplaced. That case makes unambiguously clear that there is a significant distinction between testimony concerning field sobriety tests and lay opinion regarding alcohol, as opposed to testimony and opinion regarding marijuana. Id. at 785-787. With respect to alcohol, an officer's lay opinion testimony regarding a defendant's level of sobriety or intoxication "is proper because it is not based on scientific, technical, or other specialized knowledge that would require expert testimony, but, rather, lies within the realm of common experience." Id. at 785.
Judgment affirmed.

The marked lanes violation was filed with the defendant's consent.

After the jury posed a question about the weight to be given to the field sobriety tests, the judge charged them again with the same model instruction. "We presume that a jury follow all instructions given to it." Commonwealth v. Watkins, 425 Mass. 830, 840 (1997).